# SUSSMAN & WATKINS

*- Attorneys at Law -*

| | | |
|---|---|---|
| MICHAEL H. SUSSMAN<br>CHRISTOPHER D. WATKINS | 55 MAIN ST. - SUITE 6<br>P.O. BOX 1005<br>GOSHEN, NEW YORK 10924 | LEGAL ASSISTANTS:<br>SONNIA VAN HAASTER |
| HOWARD BLOCK, ESQ., OF COUNSEL | | PARALEGAL:<br>CLAIRE PAPELL |

(845) 294-3991
Fax: (845) 294-1623
sussman1@frontiernet.net

2/28/12 – fax to 518-473-1572

To : Hon. Randolph Treece ,US District Court – NDNY

Re: Carpenter v. Donegan, et al., 11 cv 0043

As the parties continue to disagree with regard to the interrogatories defendants served and as plaintiff continues to regard them as non-complaint with the controlling rule and as defendants have refused to alter them in any form or fashion, I am submitting them to Your Honor for a ruling, as discussed at the parties' last conference with the Court.

Respectfully,

Michael H. Sussman, Counsel for Plaintiff

Enc/

Cc: Ms. Brown by ECF



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: (518) 474-5288

December 21, 2011

Michael H. Sussman, Esq.
Sussman & Watkins
P.O. Box 1005
Goshen, NY 10924

Re:  *Carpenter v. Donegan et al*
     Northern District of New York
     11-CV-0043 (NAM)(RFT)

Dear Mr. Sussman:

Enclosed please find the defendants' First Set of Combined Discovery Demands and a Medicare Demand. I have included a deposition notice for January 27, 2012. I am of course amenable to changing the date of the deposition. However, at this time our discovery ends early in February unless we make a request to the magistrate.

Thank you very much for your attention to this matter.

Very truly yours,

Megan M. Brown
Assistant Attorney General

Enclosure

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EILEEN CARPENTER,

                              *Plaintiff*,

-against-

MICHAEL DONEGAN and JAMES LAWRENCE, sued in their individual capacities, NEW YORK STATE COMMISSION OF CORRECTIONS,

                              *Defendants*.

**DEFENDANTS' FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF**

11-CV-0043

NAM/RFT

---

Defendants Michael Donegan, James Lawrence and NYS Commission of Corrections, by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, Megan M. Brown, Assistant Attorney General, of counsel, hereby serve the following document request upon plaintiff pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure:

## GENERAL INSTRUCTIONS

1. For all of the following inquiries (interrogatories and document requests alike), respond to each separately, restating each prior to the response (upon request, we will email an electronic copy of these requests to obviate the need for your office to re-type each request).

2. All inquiries are to be answered with respect to the time period beginning with the earliest date information subject to disclosure exists.

3. All inquiries are to be considered continuing and plaintiff is required to provide, by way of supplementary answer thereto, such additional responses as will augment or otherwise modify prior response/s. Such supplementary responses are to be served within thirty (30) days after receipt of such information.

4. The failure to object to any interrogatory or document request, or any part thereof, shall be deemed a waiver of the objection to such interrogatory or document request, or part thereof, not objected to.

5. If any document sought by any interrogatory or document request is withheld on

your claim of privilege, state with respect to each such document:
    a.    the author(s) and all recipient(s);
    b.    the date it was prepared;
    c.    the subject matter;
    d.    the basis of the privilege/s asserted.

The failure to set forth the above listed information shall be deemed to be a waiver of the privilege/s asserted.

6.    Plaintiff is to answer each interrogatory under oath.

7.    In answering these inquires, plaintiff is to furnish all information not subject to a valid objection available to plaintiff and plaintiff's agents, including but not limited to plaintiff's counsel in this case.

8.    If plaintiff cannot answer an inquiry despite exercising due diligence to secure the information sought, plaintiff is to so state and answer the inquiry to the extent possible, specifying the inability to answer the remainder and providing whatever information or knowledge is available concerning the unanswered portions.

9.    When a term or phrase in these inquiries is highlighted in bold print, refer to the DEFINITIONS section of these Combined Discovery Requests for such term or phrase.

10.    Unless otherwise indicated, all references are to the Complaint defined herein.

## DEFINITIONS

1.    In this document request the following definitions shall apply:

2.    "**Identify**" with respect to a natural <u>person</u> means to give

    (1)    the individual's name,

    (2)    age,

    (3)    job title,

    (4)    present or last known residential address,

    (5)    present or last known business address,

    (6)    telephone number of the last known location where such person is or was employed

   (7) if the individual is affiliated with the plaintiff, state his position of authority at all times relevant to the inquiry in question, and his present position with the plaintiff.

 3. "**Identify**" with respect to a <u>document</u> means to state the

   (1) author(s) and,

     (a) if different, the signer(s),
     (b) address(es) of author(s)/signer(s),

   (2) date on which document was created,

   (3) subject matter,

   (4) document character (e.g., letter, memorandum, telegram, chart, etc.),

   (5) the name and address of the present custodian of the document, and

   (6) any other means of identifying document with sufficient particularity to meet the requirements for its inclusion in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure.

   (7) If any such document was, but is no longer, in plaintiff's possession or subject to plaintiff's control, state:

     (a) how the document was disposed of;
     (b) the date of such disposition, and
     (c) the reason for such disposition.

 4. "**Documents**" means the original, all non-identical copies, and drafts of any communication, writing, recording, book, record, memorandum, or tangible item of any kind from which information sought can be obtained, whether written, typed, printed, punched, filmed, or marked in any way on paper materials of any kind, recording tapes or discs, films, photographs, movies, or any graphic matter, however produced or reproduced, and all mechanical or electronic sound recordings or transcripts thereof; including, without limitation, correspondence, memoranda, reports, notes, messages (including reports, notes, messages, memoranda, and recordings of

telephone or other conversations and conferences), and calendar and diary entrees. The enumeration of various specific items as included within the definition of the word "documents" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

5. **"Plaintiff"** Except where otherwise indicated, the term plaintiff shall refer to and include each and every plaintiff as well as his attorneys, representatives and agents.

6. **"Defendant"** When document requests refer to the defendant, or any one of them:

    (1)    identify each defendant to which the response pertains; and

    (2)    state whether the act or omission referred to was committed as:

        (a)    an individual, or
        (b)    in an official capacity.

    (3)    If done in an official capacity, set forth the:

        (a)    title or position held by the actor,
        (b)    department or division in which held, and state to which particular defendant the answer pertains.

7. **"And"** and **"Or"** shall be construed conjunctively or disjunctively to give the inquiry the broadest possible construction.

8. **"Communication"** means the written or oral expression, exchange or transmittal of thoughts, messages or information at any time or place under any circumstances.

## INTERROGATORIES

1. For every job plaintiff has held following high school up to the present provide:
    a.    **identify** the employer;
    b.    dates of employment;
    c.    any and all job titles of the plaintiff;
    d.    **identify** plaintiff's immediate supervisor/s;
    e.    the salary and benefits plaintiff received and the period during which such

      salary and benefits were received;
  f.  the reason/s plaintiff is no longer employed by such employer, if applicable.

2.  Identify any and all lawsuits, administrative hearings, arbitrations or grievances brought by plaintiff or in which plaintiff has been involved as a party or witness.

3.  For each and every instance in which plaintiff sought to do "field operations work" and was not permitted to do it, as alleged in paragraph 15 of the complaint:

  a.  **identify** the individual to whom plaintiff made the request to do field work;
  b.  set for the location, time and date thereof;
  c.  set forth the subject matter of plaintiff's request and the subject matter of the response;
  d.  **identify** each and every document which relates to the requests to do field work;
  e.  **identify** each and every individual who witnessed plaintiff's request to do field work which were denied;

4.  In reference to paragraphs 17 through 21 of the complaint, regarding plaintiff's allegations that male co-workers were harassing her:

  a.  **identify** each and every time the plaintiff requested assistance from the defendants in dealing with the perceived harassment;
  b.  set forth the location, time and date of each request for assistance to the defendants;
  c.  set forth plaintiff's reason for stating that the New York State Police were never contacted regarding the complaints plaintiff made to the defendants;
  d.  **identify** each and every instance of alleged harassment and the **individual** who engaged in the alleged harassing activity;

5.  In reference to paragraphs 22 through 31, regarding plaintiff's allegations that she was asked to remove herself form the promotional list in 2003:

  a.  **identify** each and every time a request was made that plaintiff withdraw her name from the promotional list;
  b.  set forth the location, date and time of each request and **identify** who made the request that plaintiff withdraw her name from the promotional list.
  c.  set forth plaintiff's basis for alleging that neither of the two males on the list were asked to withdraw form consideration for the promotion.

6.  In reference to paragraphs 32 through 36 of the complaint, regarding plaintiff's allegation that she requested that the defendants give her additional assignments in field

5

operations:

    a.    identify each and every time a request was made by plaintiff for additional assignments in field operations;

    b.    set forth the location, date and time of each request and **identify** to whom the request was made;

    c.    set forth each and every response to the requests identified in 6(b) and **identify** who responded to the request; set forth the date, time and location of each response;

    d.    set forth each and every instance of how defendants diversified the assignments given to the similarly-situated males listed in the complaint paragraph 34;

7.    In reference to paragraphs 37 through 41 of the complaint alleging that plaintiff was excluded from the critical meetings with the staff of Division of Criminal Justice Services (DCJS) in connection with the transfer of training responsibilities from the State Commission on Correction to DCJS:

    a.    set forth the date, time and location of each and every meeting plaintiff was excluded from attending with DCJS staff in regard to these allegations;

    b.    set forth the date, time and location where Jim Lawrence informed plaintiff she was "too emotion about training";

    c.    **identify** each and every witness to the statement allegedly made by Jim Lawrence that plaintiff was "too emotional about training";

8.    In reference to paragraph 42 of the complaint, in which plaintiff alleges that the Commission "had long subjected her and clarified that defendants viewed her in gender stereotypic terms" and for each and every instance in which plaintiff alleges that she was discriminated against because of her gender and/or bias in any form:

    a.    set forth the date, time and location of every instance in which plaintiff was discriminated against.

    b.    **identify** the act or omission plaintiff alleges was unlawful;

    c.    **identify** each and every individual who engaged in such unlawful conduct and what each allegedly did or failed to do;

    d.    **identify** each and every individual who witnessed such unlawful conduct;

    e.    **identify** each and every **document** which references such unlawful conduct;

    f.    **identify** each and every individual to whom plaintiff reported or otherwise communicated anything related to such conduct and set forth the date and time of such report, the subject matter of such report, the individuals who received the communication or report, and any and all documents referencing such communication or report.

9.    In reference to plaintiff's allegation that she was subjected to disparate disregard of assignment preference, alleged in paragraphs 45, 46 and 47:

      a.      **identify** each and every **document** or **communication** indicating plaintiff's request to be assigned to a New York City vacancy;

      b.      set forth the date, location and time of each and every instance plaintiff requested to be re-assigned to New York City;

      c.      set forth to whom each request was made and the response made by each person who received the request;

      d.      **identify** any and all individuals with knowledge that staff member Zobel was transferred to a field operations position of his choice;

10.      Identify each and every Commission and/or staff meeting which plaintiff was excluded from in response to the Franklin County allegations:

      a.      set forth the date, time and location of each meeting plaintiff was allegedly excluded from;

      b.      set forth the names and positions and/or civil service grade of each person who attended each meeting specified in 10(a);

      c.      **identify** each and every document created which demonstrates plaintiff's exclusion from meetings held in response to the Franklin County allegations;

      d.      set forth the substance of any conversations plaintiff had regarding her exclusion from the Franklin meetings;

      e.      **identify** each and every individual plaintiff discussed her alleged exclusion from the meetings with;

11.      In reference to paragraph 52 of the complaint, identify each and every instance in which males in the same title as plaintiff participated in follow-up meetings called to determine the Commission response to their investigative findings:

      a.      set forth date, time and location of each follow-up meeting that males in the same title as plaintiff participated in;

      b.      set forth the names of each male in the same title as plaintiff who participated in follow-up meetings called to determine the Commission response to their investigative findings;

      c.      set forth the subject matter of the investigative findings that males in the same title as plaintiff attended follow up meetings in connection with;

      d.      set forth whether or not any of the males in the same title as plaintiff brought their investigative findings directly to the Commissioner rather than going through the individual's immediate supervisor.

12.      In reference to paragraph 62 of the complaint, alleging that plaintiff was assigned to collect reportable incident data from the Office of Children and Family Services' (OCFS):

      a.      set forth who assigned plaintiff to collect reportable data, set forth the individual's identity and position within SCOC;

7

        b.      set forth what other SCOC employees were assigned to collect reportable data;

        c.      set forth what instructions the plaintiff received regarding how she should report the information she gathered regarding reportable data at OCFS secure facilities;

13.     In reference to paragraph 65, regarding the Chairman's scheduling plaintiff to make a presentation:

        a.      identify any documents from the Chairman regarding scheduling a presentation to be made by plaintiff regarding the information obtained regarding the OCFS secure facilities' reportable incidents;

        b.      set forth the date and time of each communication;

        c.      set forth the names of any individuals who witnessed the Chairman's scheduling of said demonstration.

14.     Set forth who advised plaintiff that other arrangements had been made for the presentation to the commission as described in paragraph 66:

        a.      identify any documents relating to plaintiff's notification that other arrangements had been made.

15.     In reference to the allegations contained in paragraph 68, that plaintiff complained to defendant Lawrence that others were pre-screening the CD plaintiff planned to present to the Commission:

        a.      set forth each and every instance the plaintiff complained to either defendant about other people in the agency pre-screening the CD the plaintiff planned to present to the Commission on September 22, 2010;

        b.      set forth each and every witness to plaintiff's complaints regarding other members of the agency pre-screening the CD.

16.     In reference to plaintiff's allegations contained in paragraph 69, that her work was being undermined and "this kind of undercutting is what made female employees at the Commission feel dismissed and devalued":

        a.      **identify** by name each and every female employee at the Commission who felt "dismissed and devalued";

        b.      **identify** each and every communication by date, time and location that the plaintiff had that led her to believe other female employees of the Commission felt dismissed and devalued;

        c.      **identify** the people participating in the communication identified in 16 (b);

        d.      **identify** each and every document which demonstrates that female employees of the Commission felt dismissed and devalued.

17. In reference to the allegations contained in paragraph 72, in which plaintiff claims she expressed a desire to withdraw her retirement papers:

    a. **identify** each and every individual who was at the meeting referenced on September 16;
    b. **identify** what plaintiff said about withdrawing her retirement papers;
    c. set forth how each and every individual at the meeting referenced responded to plaintiff's expressed desire to pull her retirement papers;
    d. describe in detail what steps the plaintiff took to withdraw her revocable retirement papers.

18. In reference to the allegations contained in paragraph 90 of the complaint, for each instance the plaintiff was discriminated against:

    a. **identify** each and every individual who discriminated against the plaintiff;
    b. **identify** each and every incident of discrimination plaintiff was subjected to as a result of her gender;
    c. identify the term or condition of employment that was less favorable than similarly situated male employees;
    d. **identify** the similarly situated male employees who received more favorable treatment with respect to each particular term of employment;
    e. for each particular term and/or condition of employment set forth the time frame during which plaintiff was treated less favorably.

19. For each and every instance in which defendants violated state law prohibiting retaliation against whistle-blowers:

    a. set forth the nature of such alleged act or omission, in reasonable detail;
    b. identify the individual who engaged in the alleged conduct;
    c. set forth the location, date and time of such alleged unlawful conduct;
    d. identify any and all individuals who witnessed such alleged unlawful conduct;
    e. identify any and all documents referencing or related in any way to such alleged unlawful conduct;
    f. identify each every individual to whom plaintiff reported or otherwise communicated anything related to such alleged unlawful conduct and:
        i. set forth the date and time of such communication;
        ii. set forth the subject matter of such communication, in reasonable detail;
        iii. identify any and all individuals who witnessed such communication;
        iv. identify any and all documents referencing such communication.
    g. Identify any and all documents used by plaintiff to report such conduct.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Michael Donegan, James Lawrence and NYS Commission of Correction request plaintiff to produce the following documents:

1. Provide a copy of any and all documents requested in the foregoing interrogatories either expressly or by implicit reference to the DEFINITIONS section herein.

2. Provide a copy of any and all diaries, calendars and/or other documents related to any of the allegations in the Complaint or the above interrogatories.

3. Provide a copy of any and all notes related to any of the allegations in the Complaint or the above interrogatories.

4. Provide a copy of any and all written complaints submitted by plaintiff or on her behalf against the named defendants in this action related to the allegations herein, other than the previously provided complaint to the New York State Division of Human Rights.

5. Provide fully executed releases allowing defendants to review and/or copy plaintiff's health care records from any and all health care practitioners providing health care of any kind or nature to plaintiff for any condition allegedly resulting from the acts or omissions of the defendants as alleged in the Complaint, from June 2009 to the present.

6. Provide a copy of all correspondence, including any and all emails, to plaintiff from anyone at State Commission on Corrections, from January 2009 to the present related to the claims in this lawsuit.

7. Provide a copy of all correspondence, including any and all emails, from plaintiff to anyone at any state agency, legislative branch or executive branch of the State of New York from January 2009 to the present, relating to the claims in this lawsuit.

8. Provide any and all documents related to plaintiff's claim of gender discrimination.

9. Provide any and all documents related to plaintiff's claim that she was forced to retire.

10. Provide the documents plaintiff submitted to effect her retirement, as referenced in

...

paragraph 71 of the complaint.

11. Provide any and all documents demonstrating that plaintiff took any steps to withdraw her retirement paper work.

12. Any documents that reflect, refer to, relate to and/or contradict plaintiff's allegations.

## EXPERT WITNESS DEMAND

For each and every individual who may be used as an expert witness by plaintiff:
    a.    **identify** such expert witness;
    b.    set forth that individual's qualifications;
    c.    set forth the subject matter on which such expert is expected to testify;
    d.    set forth the substance of the facts and opinions on which such expert is expected to testify;
    e.    provide a summary of the grounds for such expert's opinion;
    f.    identify all data and information the expert considered in forming his or her opinions;
    g.    provide copies of any and all exhibits to be used as a summary or in support of such opinions;
    h.    set forth all compensation of any kind or nature received by or to be received by the expert for study and/or testimony;
    i.    set forth the qualifications of such expert, including a list of all publications and all cases in which such expert has testified at trial, deposition or at an administrative hearing over the preceding ten years.

## INDEPENDENT MEDICAL AND PSYCHOLOGICAL EXAMINATIONS

PLEASE TAKE NOTICE that, it is hereby requested that plaintiff submit to an examination by a medical doctor, psychiatrist, psychologist and/or other specialist, for the purpose of determining the existence, extent, duration and/or causation of the injuries alleged to have been incurred in this action, at an appointment to be arranged at an office in the Albany area of New York State at a time and place to be determined.

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that on the 27th day of January, 2012 at 9:30 a.m., or adjourned date, defendants in the above-entitled action will take the deposition of plaintiff upon oral examination, before a notary public or before some other officer authorized by law to administer oaths, at the large 4th floor conference room, Justice Building, Empire State Plaza, Albany, New York, and will continue from day to day or at an adjourned date thereafter, until completed.

Dated: Albany, New York
December 21, 2011

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        Attorney for Defendants Michael Donegan, James
            Lawrence and NYS Commission of
            Correction
        The Capitol
        Albany, New York 12224-0341

        By: _____
        Megan M. Brown
        Assistant Attorney General, of Counsel
        Bar Roll No. 507122
        Telephone:  (518) 474-5288
        Fax:  (518) 473-1572 (Not for service of papers)
        Email: Megan.Brown@ag.ny.gov

TO:    Michael H. Sussman, Esq.
       Sussman & Watkins
       P.O. Box 1005
       Goshen, NY 10924

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EILEEN CARPENTER,                                    **MEDICARE DEMAND**

                     *Plaintiff*,        11-CV-0043

     -against-                                        NAM/RFT

MICHAEL DONEGAN and JAMES LAWRENCE, sued
in their individual capacities, NEW YORK STATE
COMMISSION OF CORRECTIONS,

                     *Defendants*.

---

PLEASE TAKE NOTICE, that pursuant to 42 U.S.C. §1395y(b)(8), 42 C.F.R. §411.23 and CPLR 3101 et seq., the undersigned hereby demands that Plaintiff set forth in writing and deliver upon the undersigned within thirty (30) days from the date of service of this demand, certain information with respect to Medicare benefits.

**Please review the picture of the Medicare card below to determine if you, a spouse, or other family members relevant to this action have, or has ever had, a similar Medicare card:**

```
MEDICARE              HEALTH INSURANCE
1-800-MEDICARE (1-800-633-4227)
NAME OF BENEFICIARY
JANE DOE
MEDICARE CLAIM NUMBER    SEX
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-A           FEMALE
IS ENTITLED TO          EFFECTIVE DATE
HOSPITAL    (PART A)    07-01-1986
MEDICAL     (PART B)    07-01-1986
SIGN
HERE        _____
```
(SAMPLE)

State whether Plaintiff is presently, or has ever been, enrolled in Medicare benefits?

                    YES                    NO

*If yes, please complete the following. If more than one* Plaintiff, *please complete for each party. If no, proceed to next question. If additional space is needed for completion of this section, please attach another sheet.*

| |
|---|
| **Full Name:** |
| *(Please print the name **exactly** as it appears on your SSN or Medicare card if available.)* |
| **Medicare Claim Number:** |
| **Date of Birth:** |
| **Sex:** |
| **Social Security Number:** |
| *(If Medicare Claim Number is Unavailable)* |

If Plaintiff is a representative, administrator, beneficiary of the estate, survivor or like of a decedent's estate, state whether the decedent, prior to his/her demise, received Medicare benefits.

YES          NO

*If yes, please complete the following. If more than one* Plaintiff, *please complete for each party. If no, proceed to next question. If additional space is needed for completion of this section, please attach another sheet.*

| |
|---|
| **Full Name:** |
| *(Please print the name **exactly** as it appears on your SSN or Medicare card if available.)* |
| **Medicare Claim Number:** |
| **Date of Birth:** |
| **Sex:** |
| **Social Security Number:** |
| *(If Medicare Claim Number is Unavailable)* |

If Plaintiff is appearing on behalf of another person, such as a parent on behalf of an infant, state whether said person is presently, or has ever, received Medicare benefits.

YES          NO

*If yes, please complete the following. If more than one* Plaintiff, *please complete for each party. If no, proceed to next question. If additional space is needed for completion of this section, please attach another sheet.*

| |
|---|
| **Full Name:** |
| *(Please print the name **exactly** as it appears on your SSN or Medicare card if available.)* |

2

| |
|---|
| **Relationship:** *(Dependent child, domestic partner, other.)* |
| **Medicare Claim Number:** |
| **Date of Birth:** |
| **Sex:** |
| **Social Security Number:** *(If Medicare Claim Number is Unavailable)* |

PLEASE TAKE FURTHER NOTICE, that this demand is made pursuant to the Medicare, Medicaid and State Children's Health Insurance Program (SCHIP) Act of 2007. Federal law mandates that the foregoing information be provided to the Centers for Medicare and Medicaid Services (CMS) following resolution of the instant litigation.

PLEASE TAKE FURTHER NOTICE that the failure to comply with this demand in contravention of 42 C.F.R. §411.23 may result in a direct recovery by the CMS against the Plaintiff herein.

PLEASE TAKE FURTHER NOTICE, that this demand shall be deemed to continue during the pendency of this action, including the trial thereof. If any information submitted by Plaintiff in response to this demand changes, or is otherwise altered, Plaintiff is to provide a supplemental response forthwith.

PLEASE TAKE FURTHER NOTICE, that failure to comply with the foregoing within thirty (30) days will serve as a basis of a motion for appropriate relief pursuant to the CPLR.

3

Dated: Albany, New York
      December 21, 2011

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants Michael Donegan, James Lawrence and NYS Commission of Correction
The Capitol
Albany, New York 12224-0341

By: _____
Megan M. Brown
Assistant Attorney General, of Counsel
Bar Roll No. 507122
Telephone: (518) 474-5288
Fax:: (518) 473-1572 (Not for service of papers)
Email: Megan.Brown@ag.ny.gov

TO: Michael H. Sussman, Esq.
     Sussman & Watkins
     P.O. Box 1005
     Goshen, NY 10924

4