**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
EILEEN CARPENTER,

                              Plaintiff,

              - v -                                      Civ. No. 1:11-CV-043
                                                                              (NAM/RFT)

MICHAEL DONEGAN, *et al.*,

                              Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## MEMORANDUM DECISION and ORDER

Presently before this Court is a discovery dispute over the number of Interrogatories propounded by the Defendants to the Plaintiff. The Plaintiff contends that Defendants' Interrogatories exceed the twenty-five (25) limit as permitted by FED. R. CIV. P. 33(a), without seeking leave of court or written stipulation in order to do so. Conversely, the Defendants argue that each Interrogatory and its corresponding subparts fall within the numerical parameters prescribed by Rule 33(a).

On or about December 21, 2011, Defendants served Demands for Production and Interrogatories upon the Plaintiff. *See* Dkt. No. 11, Pl.'s Lt.-Mot., dated Feb. 1, 2012, at p. 2. The Plaintiff contends that the Defendants violated Rule 33(a) by propounding seventy-eight (78) "[i]nterrogatories [parts and sub-parts]." *Id*. Because the parties were unable to confer and resolve this and other issues by themselves, on February 17, 2012, a telephonic Discovery Hearing was held on the record. Since the discussion over the breadth of Defendants' Interrogatory represented nothing short of a skirmish, when issuing a Decision and Order, the Court directed the parties to meet and confer again, and, "[if] the parties are unable to resolve the issue or arrive at an alternative to written responses, then the matter shall be presented to the Court promptly." Dkt. No. 17, Dec.

& Order, dated Feb. 17, 2012, at p. 2.

The Court is unsure how hard the parties attempted to enter into a resolution of this matter. Ostensibly, the parties were not successful in any meaningful way because within less than a week's time, the matter was foisted upon this Court with hardly any discussion or analysis from either party. *See* Dkt. No. 18, Pl.'s Lt.-Br., dated Feb. 28, 2012. With only a bare record comprised of the Defendants' Interrogatories and the parties' overly broad posture on the problem, this Court will frame the issue as it understands it and then will render a decision.

Defendants' Demand for Interrogatories propounded to the Plaintiff are officially numbered as nineteen (19). *See* Dkt. No. 18. However, the Plaintiff calculates the number as seventy-eight (78), counting each subpart independently. The Court observes that each numbered Interrogatory has several - in some instances many - subparts. Without specifically articulating this position, obviously Plaintiff disagrees with the Defendants' enumeration and posit that the Interrogatories' subparts are discrete and independent enough to constitute an autonomous interrogatory thereby yielding a grander total than the permitted twenty-five (25).

To help put the scope of the Interrogatories into perspective, the Court turns to the Complaint, which is eighteen (18) pages long and contains ninety-three (93) paragraphs. Dkt. No. 1, Compl. However, the gist of the Plaintiff's Complaint is that the "[D]efendants violated her right to equal protection of the law and sanctioned her for activities protected by state whistle-blowing statutes[.]" *Id*. at ¶ 5. The relevant time period commenced on 1999 when Plaintiff was hired until her reassignment, and the genesis of her claim stems from feeling "unwelcome at the Commission, both because of her gender and her strong desire to expose the conditions at the [Office of Children and Family Services Secure Facilities]." *Id*. at ¶ 80. The Plaintiff alleges that the Defendants

provided she with inferior terms and conditions of employment "on account of her whistle-blowing activities[.]" *Id*. at ¶ 93.

## I. APPLICABLE LEGAL PRINCIPLES

The permissible number of Interrogatories is controlled by Rule 33(a) which reads in part, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts [.]" The crucible of our discovery disagreement turns on what is meant by "all discrete subparts." Unfortunately, the statute does not provide a further definition to guide litigators and the Court as to what is meant by this phrase or definitely settles this presumptive limitation on the number of interrogatories. Legal Commentators and the courts who have grappled with this finite issue raised a similar lament and have considered their review as a matter of first impression.

To confound us more, the Federal Rules Advisory Committee contemplated the issue before us, yet only provided an abbreviated instruction on how to address the problem:

> Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

FED. R. CIV. P. 33(a) advisory committee's notes 1993 Amendment; *see also Concerned Citizens of Belle Haven v. Belle Haven Club*, 2004 WL 1699009, at *6 (D.Conn Apr. 28, 2004) (joining discrete separate subparts into a single interrogatory is improper); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443-44 (C.D. Cal. 1998) (survey of cases).

This Court as well as others have found this rather brief analysis insufficient to be a guide on what can become a rather complicated and contorted maze in interpreting interrogatories and their subparts as "discrete separate subjects." What may appear to be a simple process on its face, is nothing but the contrary. To delineate between an excessively broad and comprehensive drafting

of interrogatories and their subparts and properly narrowly constructed interrogatories is rather difficult to discern. Without a bright-line rule, disagreement between litigants and the courts are apt to occur.

Of these courts that have confronted this issue, there has developed a common denominator on how to weigh an interrogatory's subparts as independent and discrete. An interrogatory's subparts are to be counted as separate and discrete subparts "if they are not logically or factually subsumed within and necessarily related to the primary question." *Madison v. Nesmith*, 2008 WL 619171, at *3 (N.D.N.Y. Mar. 3, 2008) (quoting *Cramer v. Fedco Auto. Component Co., Inc.*, 2004 WL 1574691, at *4 (W.D.N.Y. May 26, 2004) (citations omitted); *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.,* 2003 WL 22326563, at *1 (D. Conn. Mar. 7, 2003) (citing, *inter alia*, *Safeco of Am. v. Rawston*, 181 F.R.D. at 444-45 (ruling that a subpart is discrete and regarded as a separate interrogatory when it is logically or factually independent of the question posed by the basic interrogatory)); 7 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE, § 33.30[2] (3d ed. 2003) ("The better view is that subparts be counted as part of one interrogatory if they are logically and necessarily related to the primary question."). That is, if the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first question and not factually subsumed within and necessarily related to the primary question. *Madison v. Nesmith*, 2008 WL 619171, at *3) (citing, *inter alia*, *Cramer v. Fedco*, 2004 WL 1574691, at *4. Stated another way, if the subparts cannot be fairly and reasonably characterized as closely related to the first part of interrogatory, it is therefore discrete and separate. *Id.* Indeed, for example, if a response to the first part of a two-part interrogatory is "implicit in a response to the [second] [p]art [] . . . [then] a complete answer to the latter [part] requires an answer

to the former [part]. The two subparts are not discrete and may not be characterized as [independent interrogatories]." *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 2003 WL 22326563, at * 1; *see also Thompson v. Lantz*, 2009 WL 3157563, at *1 (D.Conn. Sept. 25, 2009) ("A subpart is discrete and therefore regarded as a separate interrogatory when it is logically or factually independent of the questions posed by the basic interrogatory.") (quotation marks and citation omitted) & *Nyfield v. Virgin Islands Tel. Corp.*, 200 F.R.D. 246, 247-48 (D. Virgin Island, May 10, 2001) (ruling that we should examine whether the first question is primary and subsequent questions are secondary to the primary question and if the subsequent questions can stay alone then they are independent of the primary question).

Obviously there can be no hard and fast rule, and the issue of what constitutes discrete subparts will have to be determined on a case by case basis. Nonetheless, considering these rules as stated above, several courts have rendered rulings on specific subsets of interrogatories of which we can glean further instruction. For example, an interrogatory seeking each element of a cause of action may be overly broad because each element is a discrete inquiry. *Sec. Ins. Co. v. Trustmark*, 2003 WL 22326563, at * 1. Similarly, subparts of an interrogatory attempting to address twelve affirmative defenses are separate and distinct from the others. *Bujnicki v. Am. Paving and Exavating Inc.*, 2004 WL 1071736, at *9 (W.D.N.Y. Feb. 25, 2004). As another example, the court in *New Colt Holding Corp. v. RJG Holdings of Florida, Inc.*, 2003 WL 22305141 (D. Conn Feb. 6, 2003), was confronted with an interrogatory that concerned sixty-four (64) pictures of different revolvers. The *New Colt* court found the subparts involved distinct revolvers calling for individual commentary, and under this circumstance, each question was discrete. *Id.* at *2. Therefore, with all of this instruction in mind, the Court now attempts to determine what the parties should have

done, whether the Defendants' Interrogatories and subparts are discrete, and if so, whether the total number of Interrogatories exceed 25.

## II.  DEFENDANTS' INTERROGATORIES

The Court will essentially cut to the chance, without further elaboration, and delineate the Interrogatories by the intended and related subject matters.

 #1 - number 1 with subparts a-f constitutes a single interrogatory.

# 2 - number 2 is a single interrogatory.

# 3 - number 3 with subparts a-e constitutes a single interrogatory.

#4 - number 4 with subparts a, b, and d constitutes a single interrogatory.  Subpart c is a separate and independent interrogatory.

# 5 - number 5 with subparts a and b constitutes a single interrogatory.  Subpart c is a separate and independent interrogatory.

#6 - number 6 with subparts a, b, and c constitutes a single interrogatory.  Subpart d is a separate and independent interrogatory.

#7 -  number 7 and subpart a constitutes a single interrogatory.  Subparts b and c together constitute an interrogatory.

#8 - number 8 actually raises two topics: (1) "had long subjected her and . . . that defendants viewed her in gender stereotypic terms;" and (2) allegation of discrimination based upon her gender. Therefore, considering these two distinct topics, number 8 and subparts a-e constitute two independent interrogatories.  Furthermore, subpart f is a separate and independent interrogatory.

#9 - number 9 with subparts a and b constitutes a single interrogatory.  Subpart c is an independent interrogatory.  Subpart d is an independent interrogatory.

#10 - number 10 with subparts a-e constitutes a single interrogatory.

# 11 - number 11 with subparts a-c constitutes a single interrogatory. Subpart d is an independent interrogatory.

#12 - number 12 with subparts a and c constitutes a single interrogatory. Subpart b is an independent interrogatory.

#13 - number 13 with subparts a-c constitutes a single interrogatory.

#14 - number 14 with subpart a constitutes a single interrogatory.

#15 - number 15 with subparts a and b constitutes a single interrogatory.

#16 - number 16 actually covers two topics: (1) plaintiff as a female employee and (2) other female employees. Therefore, considering these independent topics, number 16 with b and c constitutes a single interrogatory; and, number 16 with a and c constitutes an independent yet single interrogatory.

#17 - number 17 with subparts a-d constitutes a single interrogatory.

#18 - number 18 with subparts a, b, c, and e constitutes a single interrogatory. Subpart d is an independent interrogatory.

#19 - number 19 with subparts a-e constitutes a single interrogatory. Subpart f and g together constitute a single interrogatory.

### III. CONCLUSION

Based upon all of the foregoing, this Court finds that the Defendants' Demand for Interrogatories exceed the presumptive limit of twenty-five (25) interrogatories. The Defendants are directed to immediately select from their Demand which twenty-five interrogatories they wish to propound to the Plaintiff and re-serve them upon Plaintiff within seven (7) days of the filing date

of this Decision and Order.  A significant lapse has occurred since the service of the original Demands without a response.  Accordingly, the Court considers this a "time is of the essence" matter.  Thus, the Plaintiff shall provide responses to the Amended Demand for Interrogatories within thirty (30) days of receiving the Amended Demand.  Further, the Plaintiff shall also produce those documents that are responsive to the Interrogatories.

**IT IS SO ORDERED**.

March 15, 2012
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge